**SYRACUSE CHINA CORPORATION, DIVISION OF ONONDAGA COMPANY, Plaintiff,**

v.

**STANLEY ROBERTS, INC., Defendant.**

United States District Court
S. D. New York.
Feb. 2, 1960.

Keith, Bolger, Isner & Byrne, New York City, for plaintiff. Thomas J. Byrne, Jr., New York City, Richard Von K. Bruns, Syracuse, N. Y., of counsel.

John P. Chandler, New York City, for defendant.

# 528

DAWSON, District Judge.

This is a motion for a preliminary injunction which is based upon the papers submitted and testimony taken at a hearing held on January 25, 1960.

The complaint sets forth two causes of action.

The first cause of action is for infringement of plaintiff's copyright, Registration Class G. No. 22,197, by reason of the sale by defendant of certain dinnerware called "Patricia." The copyright registration covers plaintiff's ornamental design for dinnerware entitled "Blue Mist."

The second cause of action is for unfair competition by reason of the sale by defendant of dinnerware entitled "Colleen Rose" which plaintiff alleges was copied from plaintiff's ornamental design entitled "Bridal Rose." There was no proof that plaintiff's design of "Bridal Rose" was ever copyrighted.

The facts established show that plaintiff is a well-established company having a very large business in the design, manufacturing and sale of chinaware, and that it has expended large sums of money for the design, production and marketing of chinaware. The plaintiff established that it is the originator of ornamental designs for dinnerware entitled "Blue Mist" and "Bridal Rose;" that said "Blue Mist" design has been copyrighted by plaintiff and that it has received from the Register of Copyrights a certificate of registration thereof. Plaintiff has continuously marketed dinnerware bearing both of said designs since January 1957, and has distributed and sold such dinnerware on a nationwide basis. In marketing the dinnerware bearing the "Blue Mist" design such dinnerware was marketed with the copyright notice appearing on it. Defendant stipulated that the particular design so marked was the one that was copyrighted. The defendant also conceded that certain alleged infringing patterns were sold by the defendant. The Court, after examining the exhibits, concludes that the ornamental design on plaintiff's dinnerware called "Blue Mist" has been substantially copied on products marketed by the defendant, which design is called by the defendant "Patricia." An examination of plaintiff's dinnerware with the design of "Bridal Rose" would also indicate that it is substantially the same as defendant's dinnerware entitled "Colleen Rose," but there was no proof that it was actually copied or that it has been sold as a product of the plaintiff.

Plaintiff seeks an injunction pendente lite restraining defendant from further sale in the United States of dinnerware of the defendant bearing the designs entitled "Patricia" and "Colleen Rose."

The Court concludes that continued sale by the defendant of the dinnerware entitled "Patricia" will infringe the copyright of the plaintiff on the design entitled "Blue Mist," will dilute the copyright thereon and cause plaintiff immediate and irreparable loss and harm. Since the "Blue Mist" pattern has been copyrighted and sold with notice of the copyright thereon any sale by the defendant of dinnerware bearing substantially the same design would be a violation of the copyright and should be restrained by this Court. See Peter Pan Fabrics, Inc. v. Acadia Company, D.C.S.D.N.Y.1959, 173 F.Supp. 292, affirmed Peter Pan Fabrics, Inc. v. Martin Weiner Corp., 2 Cir., 274 F.2d 487. The Court will therefore direct the issuance of a preliminary injunction on the first cause of action restraining the sale of defendant's dinnerware entitled "Patricia" upon the filing by the plaintiff of a bond in the sum of $3,000.

As has been pointed out, the second cause of action is based upon unfair competition and does not rely upon copyright infringement. To sustain an action for unfair competition it is necessary to show more than mere similarity of design. Plaintiff would have the burden of establishing that defendant's product was so similar that the public would buy the defendant's product in the erroneous belief that it was the plaintiff's product. In other words, plaintiff must establish that defendant is "palming off" its product as the plaintiff's product.

Speedry Products, Inc. v. Dri Mark Products, Inc., 2 Cir., 1959, 271 F.2d 646. No proof of this fact, other than the similarity of the design was offered by the plaintiff. This mere similarity is not sufficient in and of itself to establish a right to an injunction in an unfair competition action. The motion for a preliminary injunction restraining the distribution of defendant's dinnerware entitled "Colleen Rose" is denied. So ordered.